SLOANE, J.,
— This assumpsit case was tried to me nonjury by agreement and by stipulation as to facts.
*199 In 1964, plaintiff, Russell Maxwell, Jr. (Maxwell) purchased a “Storekeepers’ Burglary and Robbery Policy” (policy) from defendant, Aetna Casualty and Surety Company (Aetna), for a three-year period covering his Gulf service station at Limekiln Pike and Pennsylvania Avenue, in North Hills, Pa. Coverage in the policy for burglary is defined as follows:
“2. (h) ‘Burglary’ means the felonious abstraction of insured property from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks made. by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the■ premises at the place of such entry.” (Italics supplied.)
Premises is thus defined:
“2. (c) ‘Premises’ means the interior of that portion of any building at a location designated in the declarations which is occupied by the Insured in conducting the business as stated therein, but shall not include (1) showcases or show windows not opening directly into the interior of the premises or (2) public entrances, halls, or stairways. As respects Insurance Agreements I and II only, the premises shall also include the space immediately surrounding such building, provided such space is occupied by the Insured in conducting its business.”
In 1965, the insured gas station allegedly was burglarized and the loss suffered by the Maxwells is over $1,400. The policy sets the outer limit of recovery at $500 and thus this assumpsit action is for $500.
The only visible marks or physical damage to the building was to doors passing through the enclosure’s interior dividing walls. There was no indication of forcible entry to the outer walls. Figure I is a graphic enough aid to make the point visual.

*200

*201 Plaintiffs’ complaint filed June 1, 1967, asserted the one cause or basis of action that the incident was covered by the policy. At trial, March 29, 1971, after the case had been tried in arbitration and appeal taken by plaintiffs from an adverse finding, plaintiffs’ new counsel sought, for the first time, over objection to amend the complaint and assert alternatively the insurance contract was one of “adhesion,” and should be reformed to cover the Maxwells’ loss. I denied the motion as too late.
Plaintiff, to place himself within the coverage of the policy, argues that when you synthesize the policy’s definitions of “burglary” and “premises,” the policy is open to the reasonable interpretation that though Maxwell occupied the total enclosure, each division therein is a premises, and a doorway interior to the total enclosure may still be exterior to a division of the total enclosure.
Defendant asserts that where the total enclosure is occupied and insured as a unit, the exterior of the premises is the outer walls.
While, under the familiar pertinent maxim, I must resolve any doubt in favor of the insured, I find none here. The policy calls for visible damage to the exterior of the “premises.” When you refer to declaration 3 in the policy, it becomes apparent that the part of the total enclosure occupied is to be treated as an entire unit. If the total enclosure is occupied by the insured, then the total enclosure is the premises. Consequently, the exterior is external to the occupied unit.
Upon nonjury trial, and hearing and consideration, I now find as above and as follows:
1. Plaintiffs’ claim is on a written (printed) contract (policy) of burglary insurance and is for the express sum of $500.
2. Plaintiffs failed to prove by the applicable *202 standard of proof their right to recover damages from defendant.
3. As a matter of law (interpretation of the policy) defendant is not liable.
4. Verdict for defendant.
5. Each party bear his own costs.